**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR GRAY, | No. 15-17470 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00204-LJO-JLT |
| v. | |
| COUNTY OF KERN, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted July 12, 2017
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and ROBRENO,** District Judge.

Arthur Gray appeals the district court's grant of summary judgment in favor

of the County of Kern. We have jurisdiction to hear this appeal. 28 U.S.C. § 1291.

We affirm in part and reverse and remand in part.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Gray asserted three claims in his complaint: (1) violations of Title II of the Americans with Disabilities Act ("ADA");[1] (2) violations of section 504 of the Rehabilitation Act; and (3) violations of California's Disabled Persons Act. All three claims are based on alleged "architectural barriers" that Gray encountered at Kern Medical Center. To meet the Rule 8 pleading requirements when a claimant asserts discrimination claims based on "the presence of architectural barriers at a place of public accommodation," the claimant is required to identify each non-compliant architectural feature in the complaint. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011). A claimant cannot assert architectural barriers at the summary judgment stage that were not adequately identified in the original complaint. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006). The district court dismissed all but two barriers Gray asserted at summary judgment, on the ground that Gray had not adequately identified the barriers in the

---

[1] Title II of the ADA is the portion of the statute that covers "the services, programs, or activities of a public entity." *See* 42 U.S.C. § 12132. A "public entity" is "any State or local government" or any subdivision of a State or local government. *See id.* § 12131(1).

original complaint. We hold the district court properly dismissed all but one set of barriers.[2]

a. Gray's complaint first alleged that Kern Medical Center housed "inaccessible and unusable restroom facilities and showers in patient rooms." This general statement was insufficient to put the County on notice of the specific architectural barriers Gray asserted at summary judgment.

b. Gray's complaint next alleged "[i]naccessible public restrooms, including the restroom near the cafeteria and the public restroom on the [second] floor. Among other things, these restrooms have incorrectly mounted amenities (soap, toilet seat covers, etc.) that are out of Plaintiff's reach and lack required floor clearances." Like the district court, we find this statement gave the County sufficient notice only of the specifically identified architectural barriers in "the restroom near the cafeteria and the public restroom on the [second] floor." The only "incorrectly mounted amenities" in these two specifically identified public restrooms that Gray both asserted at summary judgment and sufficiently alleged in the complaint are the inaccessible soap dispensers.

---

[2] At oral argument, Gray waived all claims not asserted in his complaint and any right to amend the complaint to assert new architectural barriers identified in his expert's report.

Gray also alleged in his complaint that the doors to the public restrooms in Kern Medical Center "require excessive pressure to open." Like the district court, we find this allegation sufficiently alleged these architectural barriers, but only in regard to the two specifically identified public restrooms.

c. Gray's complaint next alleged that there are "[e]xcessive slopes and cross slopes on the ramps leading into and out of the Medical Center building." Here, Gray identified the specific violation in his complaint (slope/cross-slope of ramps) and adequately alleged the location (leading into or out of the building). Considering the limited number of ramps leading into and out of the Medical Center building, we find this statement gave adequate notice of the more specifically identified non-compliant ramps leading into and out of the building Gray asserted at summary judgment. This statement did not, however, put the County on notice of any ADA violations as to the exterior paths or as to any handrails at Kern Medical Center.

d. Finally, Gray's complaint alleges the "[d]rinking fountains [in Kern Medical Center] are inaccessible and too high." Here, Gray has specifically alleged one violation (the drinking fountains are too high), but has not sufficiently alleged the location of any non-compliant drinking fountains. Because the complaint does not sufficiently identify the location of these fountains, we cannot

4

conclude the complaint gave the County adequate notice of the two specific drinking fountains Gray identified at summary judgment.[3]

2. "Title II [of the ADA] authorizes private suits for money damages." *Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014) (citing 42 U.S.C. § 12133). Therefore, the district court erred in concluding that Gray was entitled only to injunctive relief on his Title II claims. We decline to address whether Gray can prove that the County intentionally discriminated, which is required to recover monetary damages under Title II. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

3. In conclusion, we reverse the grant of summary judgment as to the claims involving the two specifically identified public restrooms and the claims involving the ramps leading into and out of the Medical Center building. We affirm the grant of summary judgment as to all other claims.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

---

[3] At oral argument, Appellant raised the issue of standing. The district court found Gray lacked Article III standing to challenge alleged architectural barriers in the neo-natal unit. Gray did not challenge this decision in his briefs on appeal. Therefore, this argument is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).